### COOK AND COOK v. UNITED STATES.

Upon an affidavit made in the district court, that the transcript from a justice of the peace is erroneous in setting forth the day upon which affidavit for an appeal was made, it is proper to rule the justice to file an amended transcript; and such amended transcript must be regarded as so much of the record in the case.

The affidavit for an appeal from a justice of the peace to the district court must be in the language prescribed by statute ; hence it is not sufficient to swear that "injustice has been done by the verdict ;" but the affidavit must state, that it has been done by the " verdict and judgment."

ERROR, *to Henry District Court.*

*J. C. Hall*, for the plaintiffs in error.

*Alfred Lotspeich*, prosecuting attorney for U. S.

*Opinion by* KINNEY, J. This was a prosecution under the statute, before a justice of the peace, for an assault and battery. Upon the trial before the justice the jury returned a verdict, assessing a fine against each defendant of thirty dollars. Whereupon the justice of the peace entered up a judgment against the said defendants for sixty dollars fine and costs of suit, taxed at eighty-one dollars and ninety-eight cents. As appears from the original transcript of the proceedings sent up to the district court of Henry county by the said justice, an application for an appeal was made on the day of trial, based upon the following affidavit, to wit :

" Wherein the United States are plaintiffs, and John Cook and Sarah Cook, defendants, we solemnly and truly and sincerely affirm that we believe that injustice has been done by the *verdict*, and that this appeal is not for the sake of time or delay, but that justice may be done.

Territory of Iowa, county of Henry, June 18, 1845.

JOHN COOK,
SARAH COOK."

Sworn to and subscribed before me, one of the justices of the peace for said county, Salem township.

DREURY OVERTON, J. P.

The defendants having filed with the justice the bond according to the statute, and the case having been sent up to the district court, the prosecuting attorney suggested a diminution of the record supported by affidavits, showing that the affidavit for the appeal was not made on the day of trial, as purported by the transcript filed by the justice, and obtained a rule upon the justice to make out and file in the district court an amended transcript. In pursuance of said rule, the justice filed in the district court an amended return, in which he states as follows : " That the day on which judgment was rendered the defendants demanded an appeal and gave the security, which was accepted ; and the appeal was granted, as I believed, and as the defendants believed ; that owing to the fact that it was not known that it was necessary to file the affidavit, it was not then done. This was a mere mistake on my part, and as I believe, on the part of defendants, as I believe they could have filed the proper affidavit if either they or myself had believed it necessary to take and perfect the appeal. That as soon as it was ascertained that affidavit was necessary, and within ten days after the rendition of the judgment, the defendants appeared, and upon their representation and my own knowledge of the facts as stated above, I allowed them to file their affidavit, as of the day the judgment was rendered." Upon these facts appearing before the court, the prosecuting attorney filed a motion to dismiss the appeal, as the affidavit was not in accordance with the statute ; which motion was granted by the court below, and the appeal dismissed at the defendants' costs. The case comes up to this court upon error, and it is assigned that the court erred in dismissing the appeal of defendants below.

The attorney for plaintiffs in error insists :—

1. That the record, as appears by the transcript, shows that the appeal was taken on the day the cause was tried. The affidavit and appeal bond were filed of that date.

2. The record has never been changed, but remains the same. The court below had no authority to rule the justice to give evidence as to the manner in which the record was made, and all such statements should be disregarded.

Cook *v.* United States

3. The court below acted upon such statements, without an issue, and without giving the appellant an opportunity to dispute the truth of the statements thus made. The record, which the law stamps with indisputable verity, is disregarded, and the parole statements, which are the most unreliable evidence, are made the basis of the action of the court.

On the contrary, it is insisted for the defendants in error :—

1. That the amended return of the justice, made in pursuance of the order of the court, is a part of the record, and as such entitled to full credit.

2. That the affidavit not having been made upon the day of trial, the district court had no jurisdiction of the appeal.

3. That if the affidavit had been made upon the day of trial, as required by the statute, yet the court could not take cognizance of the case, as the statute required the defendants to swear that injustice had been done by the verdict and judgment; and the defendants only swear that injustice had been done by the verdict.   *Rev. Stat.*, 353, § 15.

The questions that arise in this case are :—

1. Did the court err in ruling the justice to file an amended return upon the application of the prosecutor, based upon affidavits, that the original transcript was erroneous in relation to the day on which the affidavit for appeal was made? We think not. The original transcript, as filed by the justice, showed that the affidavit for appeal was made on the day of trial. The prosecuting attorney, in support of his motion for a rule upon the justice to amend his return, filed the affidavits of two individuals, which proved, conclusively, that the return of the justice was erroneous, and that the affidavit for appeal, instead of having been made upon the day of trial, as appeared in the transcript, was made some days subsequent, and dated back as of the day of trial. The statute expressly states, that "whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." *Rev. Stat.*, 335, § 10.

The court thus having ample power under the statute, upon

good cause shown to require the justice to amend his return; so much, therefore, of said amended return as related to a particular fact that should have been entered upon the record, (and certainly so important a fact as the one in relation to the day on which the affidavit for appeal was made,) could very properly be regarded by the court as a part of the record in the case.

The fact then appearing before the court by the amended return of the justice, that the affidavit for appeal was *not* made on the day of trial, the next question is, did the court err in dismissing the appeal for the want of a proper affidavit. The statute expressly provides that " the plaintiff or defendant may appeal to the district court if he shall, on the day of the rendition of the judgment, file an affidavit, stating that he truly believes that injustice has been done by the verdict and judgment, and enter into bail, &c." *Rev. Stat.* 353, § 15. It is as absolutely necessary that the appellant should make his affidavit for appeal in cases of this kind upon the day of trial, as it is that he should perfect that appeal by entering into recognisance within the time prescribed by statute; the way and manner for taking an appeal are clearly pointed out by statute, and the appellant must bring himself within the provisions of the statute or the case is not appealed or brought within the jurisdiction of the district court. But it is contended by counsel for plaintiffs in error, that if it was the intention of the party to appeal on the day of trial, and he made application for that purpose, but did not make his affidavit for some days subsequent, but within ten days, that the justice had a right to date and file the affidavit *nunc pro tunc.*

Justices of the peace, as officers of the statute, having no power except the power given them by statute, possess only special and limited jurisdiction, and their official acts to be valid must be in accordance with the provisions of the statute from which they derive their legal and official existence. If the justice of the peace has no authority under the statute to entertain an affidavit for appeal on a day, except the day of trial, then if the affidavit should be made upon any other day it would be void for the purposes intended, and of no effect.

Cook *v*. United States.

The next question presented for our consideration is, is the affidavit, even if it had been made upon the day of trial, in compliance with the statute? We think the affidavit is defective, and not such a one as is required by the statute. The statute states that a party may be entitled to appeal if he shall, " on the day of the rendition of the judgment, file an affidavit, stating that he truly believes that injustice has been done by the verdict and judgment." The affidavit filed in this case was, that injustice had been done by the verdict. The condition upon which the party is entitled to an appeal is, that he shall make the affidavit required by the statute. This is the incipient step to be taken; and as the statute has pointed out what the party appealing must recur to, as a basis upon which to predicate his appeal, there must be a compliance with the language of the statute, in this particular, to entitle him to his appeal. If the party does not make the affidavit required by statute, it would not be unreasonable to presume that he could not consistently do so. In this case it was the judgment upon the verdict that the party ought to have appealed from, if he appealed at all, and hence the necessity of the affidavit following the language of the statute, that injustice had been done by the " verdict and judgment." Therefore the court did not err in dismissing the appeal, and the judgment of the court below is affirmed.

Judgment affirmed.